67 F.3d 798
 Bankr. L. Rep. P 76,650, 95 Cal. Daily Op. Serv. 7575,
95 Daily Journal D.A.R. 12,971
In re Emil NOURBAKHSH and Marlene Nourbakhsh, Debtors.
John M. GAYDEN, Jr., and Miriam M. Gayden, Plaintiffs-Appellees,
v.
Emil NOURBAKHSH, Defendant-Appellant.
 No. 94-55192.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 12, 1995.*
Decided Sept. 28, 1995.
 
 Bernard Edwin Galitz, San Diego, California, for defendant-appellant.
 No appearance for plaintiffs-appellees.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA, District Judge.**
 PER CURIAM:
 
 
 1
 This is an appeal from a decision of the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") affirming the bankruptcy court's grant of summary judgment to Plaintiffs-Appellees John and Miriam Gayden (the "Gaydens") on their claim of nondischargeability. See 11 U.S.C. Sec. 523(a)(2)(A). We have jurisdiction under 28 U.S.C. Sec. 158(d) and affirm.
 
 FACTS
 
 2
 Debtor-Appellant Emil Nourbakhsh ("Nourbakhsh") and his affiliated corporation, The Gold Exchange, solicited the Gaydens to invest in precious metals. Between 1986 and 1987, the Gaydens placed five orders with Nourbakhsh. Although they paid Nourbakhsh $54,188.71, they received nothing.
 
 
 3
 In May 1988, the Gaydens filed suit in Florida state court alleging fraud and several other claims against Nourbakhsh. Nourbakhsh, who claims to have been in dire financial straits, did not defend the action. The Florida state court entered a default judgment against Nourbakhsh in December 1988. The judgment included a specific finding of fraud.
 
 
 4
 Over eighteen months later, in July 1990, Nourbakhsh filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of California. The Gaydens filed an adversary complaint in the bankruptcy case seeking a determination whether the state court judgment was nondischargeable under 11 U.S.C. Sec. 523(a)(2)(A). Section 523 exempts from discharge all debts for money obtained through fraud. The Gaydens moved for summary judgment, arguing that Nourbakhsh was collaterally estopped from relitigating the fraud issue. The bankruptcy court granted the motion and the BAP affirmed.
 
 DISCUSSION
 
 5
 Because this court is in as good a position as the BAP to review the decision of the bankruptcy court, we review the bankruptcy court's decision independently. In re Dominguez, 51 F.3d 1502, 1506 (9th Cir.1995) (citation omitted). We review the bankruptcy court's grant of summary judgment de novo. In re LCO Enter., 12 F.3d 938, 941 (9th Cir.1993); see also In re Lockard, 884 F.2d 1171, 1174 (9th Cir.1989) (availability of collateral estoppel reviewed de novo ).
 
 
 6
 Nourbakhsh argues that under federal collateral estoppel law, default judgments should not be given preclusive effect because the issues resolved by default were not "actually litigated." See, e.g., In re Daley, 776 F.2d 834, 837 & n. 7 (9th Cir.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). This argument is misguided, however, because Florida collateral estoppel law, not federal collateral estoppel law, controls.
 
 
 7
 The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. Sec. 1738.
 
 
 8
 Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985). Although Marrese itself dealt with the res judicata effect of a state court judgment in a subsequent federal proceeding, Marrese has been applied by this Circuit to analyze the collateral estoppel effects of a state court proceeding in a subsequent bankruptcy action. See, e.g., In re Lockard, 884 F.2d at 1174.
 
 
 9
 Under Marrese, we must first determine whether, under Florida law, the default judgment against Nourbakhsh operates to bar relitigation of the fraud issue. 470 U.S. at 386, 105 S.Ct. at 1334. Florida courts apply collateral estoppel when: 1) the parties are identical; 2) the issues are identical; and 3) the matter has been fully litigated to a final decision of a court of competent jurisdiction. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843, 845 (Fla.1984); Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977).
 
 
 10
 Nourbakhsh does not dispute that the first two elements are satisfied: the parties are identical and the elements of common law fraud are essentially identical to those required to establish nondischargeability due to fraud under Sec. 523(a)(2)(A). See In re Seifert, 130 B.R. 607, 609 (Bankr.M.D.Fla.1991). However, Nourbakhsh contends that the fraud issue was not "fully" or "actually" litigated in the Florida court, as required by the third element.
 
 
 11
 The Supreme Court of Florida implicitly rejected this argument in Masciarelli v. Maco Supply Corp., 224 So.2d 329 (Fla.1969), in which it held that collateral estoppel (sometimes referred to in Florida case law as estoppel by judgment) bars relitigation of an issue decided by default judgment. Id. at 330; see also Perez v. Rodriguez, 349 So.2d 826, 827 (Fla.Dist.Ct.App.1977) ("The law is clear that a default judgment conclusively establishes between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment."); Baum v. Pines Realty, Inc., 164 So.2d 517, 522 (Fla.Dist.Ct.App.1964).
 
 
 12
 Nourbakhsh, relying on Wagner v. Baron, 64 So.2d 267 (Fla.1953), argues that collateral estoppel should not be applied where it will lead to obvious injustice. This reliance is misplaced. Wagner, which predates Masciarelli, did not concern itself with collateral estoppel principles. Wagner merely held that it would be unjust to apply res judicata if the law on which the earlier judgment was based had changed. Under Florida law, the default judgment against Nourbakhsh operates to bar relitigation of the fraud issue in bankruptcy court.
 
 
 13
 If collateral estoppel applies under state law, we next determine whether an exception to Sec. 1738 should apply. Marrese, 470 U.S. at 386, 105 S.Ct. at 1334. Nourbakhsh argues that Congress intended to except Sec. 523(a)(2)(A) nondischargeability proceedings from the full faith and credit requirements of Sec. 1738. In support of this argument, he relies on Brown v. Felsen, 442 U.S. 127, 138, 99 S.Ct. 2205, 2212, 60 L.Ed.2d 767 (1979), in which the Court held that a court determining issues under Sec. 17 of the Bankruptcy Act (the predecessor statute to Sec. 523) is not bound by state court judgments under the doctrine of res judicata.
 
 
 14
 However, Brown was a res judicata case, and the Court expressly left open the question of whether a bankruptcy court adjudicating a Sec. 17 claim (now a Sec. 523 claim) should give collateral estoppel effect to a prior state court judgment. Id. 442 U.S. at 139 n. 10, 99 S.Ct. at 2213. The Court answered that question conclusively in Grogan v. Garner, 498 U.S. 279, 284-85, 111 S.Ct. 654, 658 n. 10 (1991): "We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to Sec. 523(a)."[1]
 
 
 15
 The full faith and credit requirement of Sec. 1738 compels a bankruptcy court in a Sec. 523(a)(2)(A) nondischargeability proceeding to give collateral estoppel effect to a prior state court judgment. The bankruptcy court and the BAP properly looked to Florida state law to determine the preclusive effect of the prior default judgment against Nourbakhsh. Under Florida collateral estoppel law, a default judgment bars relitigation of the same issues in a subsequent proceeding. Thus, the bankruptcy court did not err in granting summary judgment on the fraud issue.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4(c)
 
 
 **
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Grogan explicitly rejected this Circuit's earlier holding that prior judgments establish only a prima facie case of nondischargeability, which had been enunciated in In re Rahm, 641 F.2d 755, 757 (9th Cir.), cert. denied, 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981). 498 U.S. at 284-85, 111 S.Ct. at 658 n. 11