In re Richard N. GREEN, Debtor.

Richard N. GREEN, Appellant,

v.

Dennis KENNEDY, Appellee.

BAP No. CC–94–1152–HMeJ.
Bankruptcy No. SV 93–27482 GM.
Adv. No. 93–03039 GM.

United States Bankruptcy Appellate Panel,
of the Ninth Circuit.

Argued and Submitted May 22, 1996.

Decided June 25, 1996.

Elliott L. Aheroni, Encino, CA, for Appellant.

Eliseo D.W. Gauna, Van Nuys, CA, for Appellee.

Before HAGAN, MEYERS and JONES, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge:

Richard N. Green ("Debtor") is a debtor under chapter 7 of title 11, United States Code. Dennis Kennedy ("Kennedy") is a judgment creditor of the Debtor. Kennedy brought an adversary proceeding against the Debtor to have the judgment debt determined to be nondischargeable. The Debtor appeals from the bankruptcy court's grant of summary judgment for Kennedy. We AFFIRM.

## FACTS

In 1984, prior to the Debtor's bankruptcy, Kennedy brought an action against the Debtor in state court. Kennedy's complaint alleged the following facts. The Debtor and Kennedy each owned half of the shares of M & D Recovery Service, Inc. ("M & D"), a

collection agency. The Debtor handled all aspects of the operation of M & D, and his compensation was based on M & D's success. The Debtor knowingly and fraudulently took credit on behalf of M & D for $30,000 worth of payments to a hospital that, in fact, had not been made. The income of M & D was based on a percentage of such payments; thus, the Debtor's fraud increased the income of M & D and, consequently, his own income. The Debtor then attempted to sell the stock in M & D back to Kennedy before the fraud was discovered. When Kennedy became suspicious, the Debtor attempted to transfer the stock to Kennedy without consideration and left M & D without notice.

On discovering the fraud, the hospital reported M & D to the Collection Agency Licensing Bureau. M & D lost valuable clients and deteriorated in value until its shares were worthless. Kennedy was also forced to loan M & D $30,000 from his personal funds to make good the charge to the hospital. Kennedy sought damages of $80,-000, plus punitive damages of $1,000,000.

The Debtor answered the complaint, but that answer was stricken by the state court for failure to comply with discovery. In 1989, a default judgment was entered against the Debtor in the amount of $110,750.78, plus interest. In addition, the court stated that it found that the Debtor had acted willfully and fraudulently, and imposed exemplary damages of $25,000. The court additionally awarded costs. The judgment specifically references evidence having been presented to the court.

The Debtor subsequently filed a bankruptcy case under chapter 7.[1] Kennedy brought an adversary proceeding against the Debtor, seeking to have the debt determined to be nondischargeable.[2] Kennedy then moved for summary judgment based on the state court judgment, contending that the debt was non-dischargeable under 11 U.S.C. § 523(a)(2) and (a)(4). Although the Debtor filed an opposition to the motion for summary judgment, see Transcript of December 16, 1993 Hearing, at 3, it is not part of the excerpts of record on appeal.[3]

A hearing was held on December 16, 1993. At the hearing, the Debtor contended that summary judgment was improper. The Debtor argued that the default judgment was not entitled to collateral estoppel effect, because the complaint before the state court alleged injury to the corporation, not Kennedy. Alternatively, the Debtor contended that the bankruptcy court should not give collateral estoppel effect to a state court default judgment.[4]

The bankruptcy court granted summary judgment in favor of Kennedy. The court noted that generally a default judgment was not granted in state court without the plaintiff putting on a prima facie case, and also noted that there might have been other evidence or issues before the state court that did not appear in the complaint. The court declined to allow the Debtor to retry the fraud issue.

A final order was entered on February 25, 1994. The Debtor timely appealed.[5]

## ISSUES

The primary issue on appeal is whether the bankruptcy court properly gave collateral estoppel effect to a state court default judgment that was allegedly erroneous.

---

1. The record does not indicate the date the petition was filed.

2. The Debtor failed to submit a copy of the complaint as part of the appendix to his brief, despite the requirement that he do so. Fed. R.Bankr.P. 8009(b)(1). The Debtor also failed to provide a copy of the notice of appeal, or copies of the relevant entries in the bankruptcy court's docket. Fed.R.Bankr.P. 8009(b)(7), (8).

3. The Debtor's response to the motion should have been made part of the appendix to the brief. Fed.R.Bankr.P. 8009(6).

4. The Debtor additionally contended that Kennedy was not the real party in interest, because he had assigned the cause of action to a collection agency. Kennedy subsequently testified that he had been reassigned the cause of action, and submitted a copy of the reassignment. The Debtor makes no contentions regarding this issue on appeal.

5. The Debtor's notice of appeal was filed on January 6, 1994, and was therefore treated as filed the day the order was entered. Fed. R.Bankr.P. 8002(a).

## STANDARD OF REVIEW

■ A grant of a motion for summary judgment is reviewed de novo. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995).

## DISCUSSION

■ In his opening brief, the Debtor listed as an·issue on appeal the question of whether the bankruptcy court had jurisdiction under 28 U.S.C. § 157(b). The Debtor failed to present any argument on this issue. Regardless, the contention has no merit. An action to determine whether a debt.is nondischargeable is core. 28 U.S.C. § 157(b)(2)(I). *See also Schieber v. Hooper (In re Hooper)*, 112 B.R. 1009, 1012 (9th Cir. BAP 1990) ("Issues surrounding a debtor's discharge and the dischargeability of certain debts are inextricably bound to and arise only in connection with bankruptcy relief because such issues concern whether the debtor will be granted the protection and benefits of bankruptcy.").

■ The statement of issues in the Debtor's brief also contains other issues not addressed by argument in the brief (*e.g.*, whether the action was barred by the statute of limitations). These issues are deemed abandoned. *American Int'l Enterp., Inc. v. FDIC*, 3 F.3d 1263, 1266 n. 5 (9th Cir.1993).

The Ninth Circuit Court of Appeals has summarized the standards for granting summary judgment as follows.

"We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether·there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." [*Hughes v. United States*, 953 F.2d 531, 541 (9th Cir.1992).] ... The party moving for summary judgment must show by "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hughes*, 953 F.2d at 541. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or by the depositions, answers to interrogatories, and admissions on file, come forth with specific facts to show that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *see Hughes*, 953 F.2d at 541–42.

*Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993) (first ellipsis added).

■ Here, the Debtor contends that the bankruptcy court should not have given collateral estoppel effect to the state court judgment because it was entered by default. This is incorrect. The bankruptcy court is required to give the same collateral estoppel effect to a state court judgment as would a court of that state. 28 U.S.C. § 1738; *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995). In *Nourbakhsh*, the Ninth Circuit Court of Appeals held that a Florida default judgment was entitled to collateral estoppel effect, because Florida law so provided. 67 F.3d at 800–01.

California law also provides that default judgments are entitled to collateral estoppel effect. *Four Star Electric, Inc. v. F & H Construction*, 7 Cal.App.4th 1375, 1380, 10 Cal.Rptr.2d 1 (1992); *Mitchell v. Jones*, 172 Cal.App.2d 580, 342 P.2d 503, 507 (1959). Thus, the bankruptcy court properly concluded that a California default judgment is entitled to collateral estoppel effect.

■ The bankruptcy court also properly concluded that this default judgment was entitled to collateral estoppel effect, despite the Debtor's contention that the judgment was erroneous. "[A] default judgment conclusively establishes, ·between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, *and every fact necessary to uphold the default judgment* ...." *Mitchell*, 342 P.2d at 507 (emphasis added). The question of the Debtor's liability to Kennedy for fraud is conclusively established, because it was necessary to uphold the default judgment.

■ Moreover, five years elapsed between the time the state court complaint was filed and the date of the default judgment. There is nothing in the record to indicate what

proceedings may have occurred during that time. The state court judgment itself states that it was entered after taking evidence. The state court may have been presented with evidence that the Debtor was directly and personally liable to Kennedy. The Debtor failed to present any evidence to support his contention that the verdict was incorrect. Thus, even assuming *arguendo* that the Debtor was entitled to collaterally attack the state court judgment, the Debtor failed to meet his burden on summary judgment to present specific facts showing that the state court's judgment was erroneous. *See* Fed. R.Civ.P. 56(e).

## CONCLUSION

The bankruptcy court did not err in giving collateral estoppel effect to the state court's default judgment. We AFFIRM.