**In re Billy Franklin BALDWIN, Debtor.**

**Billy Franklin Baldwin, Appellant,**

v.

**Zachary Kilpatrick, Appellee.**

BAP No. NC–99–1446.
Bankruptcy No. 98–12651 AJ.
Adversary No. 98–1230 AJ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument on Jan. 20, 2000.

Decided Feb. 7, 2000.

Douglas B. Provencher, Provencher & Flatt LLP, Santa Rosa, CA, for Billy Franklin Baldwin, Appellant.

Peter F. Lacques, Bloomfield & Chernue, San Rafael, CA, for Zachery Kilpatrick, Appellee.

Before RYAN, MEYERS, and RUSSELL, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge.

In May 1997, Zachary Kilpatrick obtained a state court default judgment (the "Judgment") against Billy Baldwin ("Debtor") and three other defendants for assault and battery. After Debtor filed a chapter 7[1] bankruptcy petition, Kilpatrick filed a complaint (the "Complaint") to determine the Judgment nondischargeable under § 523(a)(6).

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy

Kilpatrick filed a motion for summary judgment (the "Motion"), contending that (1) the elements required to establish nondischargeability under § 523(a)(6) were established by giving collateral estoppel effect to the Judgment or, alternatively, (2) uncontroverted evidence established that the Judgment was incurred through a willful and malicious injury by Debtor. The court granted the Motion and entered judgment for Kilpatrick. Debtor timely appealed.

We AFFIRM.

## I. FACTS

In April 1995, Kilpatrick sued Debtor, Michael Walls, Gordon Jones, and their parents in state court. The first cause of action of the state court complaint was for an intentional tort and alleged that "Defendant GORDON JONES violently struck [Kilpatrick] in the face. Defendants MICHAEL WALLS [and] BILLY BALDWIN ... inclusive also either violently struck [Kilpatrick] or assisted the other Defendants in violently striking and injuring [Kilpatrick]." Complaint (Apr. 6, 1995), at 4. The second cause of action for vicarious liability was asserted against the parents and alleged that at all times they had custody and control of Debtor, Jones, and Walls.

While represented by counsel, Debtor participated in discovery by responding to interrogatories and twice appearing for a deposition, although he refused to answer any questions relating to the fight that gave rise to the state court action. After being sent to arbitration, the arbitrator awarded Kilpatrick $16,000 in general damages and $4,000 in punitive damages against all defendants. However, Debtor and his attorney rejected this award and requested a trial de novo. Debtor subsequently substituted himself as counsel. After Debtor failed to appear for trial, his answer was stricken and default entered

Code, 11 U.S.C. §§ 101–1330.

against him. The court entered the Judgment, awarding Kilpatrick $39,455.14 in damages and costs of $1,341.03 against Debtor and three other defendants.

In July 1998, Debtor filed his chapter 7 bankruptcy petition. Kilpatrick filed the Complaint, alleging that "[Debtor] willfully and maliciously organized an assault and battery upon Plaintiff and Plaintiff's friends. Plaintiff and his companions were beaten by the young men organized and driven to the scene by [Debtor]." Complaint (Oct. 14, 1998), at 2.

Kilpatrick subsequently filed the Motion, requesting that the bankruptcy court (1) give collateral estoppel effect to the Judgment or (2) find that the uncontroverted evidence established the nondischargeability of the Judgment. The court granted the Motion and entered judgment against Debtor. Debtor timely appealed.

## II. ISSUE

Whether the court erred in giving collateral estoppel effect to the Judgment.

## III. STANDARD OF REVIEW

■ A motion for summary judgment is reviewed de novo. *See Parker v. Saunders (In re Bakersfield Westar, Inc.)*, 226 B.R. 227, 231 (9th Cir. BAP 1998).

■ Similarly, "[t]he availability of collateral estoppel is a question of law reviewed de novo." *Krishnamurthy v. Nimmagadda (In re Krishnamurthy)*, 209 B.R. 714, 718 (9th Cir. BAP), *aff'd*, 125 F.3d 858 (9th Cir.1997), *cert. denied* 524 U.S. 930, 118 S.Ct. 2328, 141 L.Ed.2d 702 (1998).

## IV. DISCUSSION

■ The doctrine of collateral estoppel, or issue preclusion, is intended to protect parties from multiple lawsuits and the possibility of inconsistent decisions, and to

preserve judicial resources. *See Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir.1996). Collateral estoppel applies in dischargeability proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The burden of proof is on the party seeking to assert collateral estoppel and in order to sustain this burden, "a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly*, 182 B.R. at 258. "Any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the collateral estoppel effect." *Id.*

■■ The preclusive effect of a state court judgment in a subsequent federal action is determined by the law of the state in which the judgment was entered. *See Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995). In order for a prior judgment to be entitled to collateral estoppel effect under California law, the following five elements must be met:

(1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

(2) The issue must have been actually litigated in the former proceeding;

(3) It must have been necessarily decided in the former proceeding;

(4) The decision in the former proceeding must be final and on the merits; and

(5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (citation omitted), *aff'd*, 163 F.3d 609 (9th Cir.1998). On appeal, Debtor contends that the first and second elements were not satisfied.[2]

---

2. In his reply brief, Debtor alleges that [f]or collateral estoppel to apply, the plaintiff must show the *identical* issues of Billy Baldwin's willful and malicious conduct

were *necessarily* decided by the default judgment.
 . . . .

### 1. *Identity of Issues.*

Debtor argues that the first prong, which requires an identity of issues, is not satisfied because neither the state court complaint nor the Judgment supported a finding that Debtor intended to injure Kilpatrick or acted with malice. Debtor contends that the state court complaint's allegation of intentional tort was not dispositive because not all intentional torts satisfy the level of intent required by § 523(a)(6).

■■■ Dischargeability of a debt is a question of federal law that is governed by the provisions of the Code. *Id.* Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90, 95 (1998), the Supreme Court clarified that a willful and malicious act requires a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Geiger*, 523 U.S. at 61, 118 S.Ct. at 977, 140 L.Ed.2d at 95; *Branam v. Crowder (In re Branam)*, 226 B.R. 45, 52 (9th Cir. BAP 1998), *aff'd*, 1999 WL 1206656 (9th Cir.1999). *Geiger* overruled the standard previously required in the Ninth Circuit that "[w]hen a wrongful act ..., done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure." *Impulsora Del Territorio Sur, S.A. v. Cec-chini (In re Cecchini)*, 780 F.2d 1440, 1443 (9th Cir.1986).

Although the Court specifically stated that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)," *Geiger*, 523 U.S. at 64, 118 S.Ct. at 978, 140 L.Ed.2d at 97, it did not specify what level of intent is necessary to satisfy the requirement that there be a "deliberate or intentional injury." The Court noted that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend 'the consequences of an act,' not simply the act itself.'" *Geiger*, 523 U.S. at 61–62, 118 S.Ct. at 977, 140 L.Ed.2d at 95 (citing Restatement (Second) of Torts § 8A cmt. a (1964)). Section 8A of the Restatement provides that "[t]he word 'intent' is used throughout the Restatement of this Subject to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." Restatement (Second) of Torts § 8A (1964). Comment "a" to this section states that when an actor knows or is substantially certain that the consequences will result from his act and continues despite this knowledge, the law will treat that actor the same as if he had in fact meant to produce the result. *See* Restatement (Second) of Torts § 8A cmt. a (1964).[3]

---

Since it is impossible to discern from the judgment or the complaint that the *only* possible basis for the underlying judgment was the willful injury intentionally inflicted by Billy Baldwin, plaintiff's failure to meet this burden precludes collateral estoppel. Appellant's Reply Br., at 2 (emphasis in original). This is the first time that Debtor addresses the third prong, which requires that the issues must have been necessarily decided, and he presents no argument related to this prong in either brief. Therefore, Debtor has waived this issue on appeal. *See United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir.1995)(stating that issues not raised and argued in the opening brief are deemed waived).

**3.** This comment goes on to note that "[a]s the probability that the consequences will follow decreases, and becomes less than substantial certainty, the actor's conduct loses the character of intent, and becomes mere recklessness." Restatement (Second) of Torts § 8A cmt. a (1965).

It is interesting to note that the drafters of the Restatement have further clarified the definition of "intentional" in a draft of the Restatement (Third) of Torts that has not yet been approved by the American Law Institute.

■ In determining what level of intent is required after *Geiger*, the Fifth Circuit noted that *Geiger* left open three possibilities: "[t]he standard might be met by any tort generally classified as an intentional tort, by any tort substantially certain to result in injury, or any tort motivated by a desire to inflict injury." *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir.1998), *cert. denied*, 526 U.S. 1016, 119 S.Ct. 1249, 143 L.Ed.2d 347 (1999). The Fifth Circuit held that "the label 'intentional tort' is too elusive to sort intentional acts that lead to injury from acts intended to cause injury. Rather, either objective substantial certainty or subjective motive meets the Supreme Court's definition of 'willful ... injury' in § 523(a)(6)." *Id.; see also Dent Wizard Int'l Corp. v. Brown (In re Brown)*, 237 B.R. 740, 747–48 (Bankr.C.D.Cal.1999) (adopting the *Miller* approach). The Sixth Circuit has also adopted this approach. *See Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir.1999) (stating that "we now hold that unless 'the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it,' RESTATEMENT (SECOND) OF TORTS § 8A, at 15 (1964), he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)"). We similarly adopt this standard. Thus, we must determine whether the state court's finding that Debtor committed an intentional tort by either violently striking Kilpatrick or assisting the other defendants in violently striking and injuring Kilpatrick is equivalent to a finding that Debtor deliberately and intentionally injured Kilpatrick, thereby satisfying the willful and malicious requirement of § 523(a)(6). We conclude that it is.

■ Here, although the court did not make any findings when it entered the Judgment, " 'a default judgment conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment.' " *Green v. Kennedy (In re Green)*, 198 B.R. 564, 566 (9th Cir. BAP 1996)(citing *Mitchell v. Jones*, 172 Cal. App.2d 580, 342 P.2d 503, 507 (1959)). Kilpatrick used a form complaint that stated that he was suing for an intentional tort [4] and that Debtor "either violently struck Plaintiff or assisted the other Defendants in violently striking and injuring Plaintiff." Complaint (Apr. 6, 1995), at 4. When Debtor's default was entered, this material allegation was conclusively established. *See Green*, 198 B.R. at 566. Additionally, the evidence presented to the state court and in support of the Motion,[5] including Kilpatrick's deposition testimony and the police report, established that Debtor was driving a car when he saw Kilpatrick. Several minutes later, he returned to Kilpatrick's location with a carload of people, several of whom got out of Debtor's car and hit Kilpatrick on the face and injured him.

---

In this draft, "intentional" is defined as follows:

An actor's causation of harm is intentional if the actor brings about that harm either purposefully or knowingly.

(a) Purpose. An actor purposefully causes harm by acting with the desire to bring about that harm.

(b) Knowledge. An actor knowingly causes harm by engaging in conduct believing that harm is substantially certain to result.

RESTATEMENT (THIRD) OF TORTS § 1 (draft Apr. 5, 1999).

4. Kilpatrick's state status conference report specifies that the state court complaint alleged assault, battery, and vicarious liability.

5. It is unclear from the record whether the evidence in support of the Motion was presented to the state court, but Appellant's Opening Brief states that "[i]n support of his motion for summary judgment, Kilpatrick provided much of the underlying Superior Court record." Appellant's Opening Br., at 8.

 In California, "a battery is an intentional, unlawful and harmful contact by one person with the person of another. A harmful contact, intentionally done is the essence of a battery. A contact is 'unlawful' if it is unconsented to." *Ashcraft v. King*, 228 Cal.App.3d 604, 278 Cal. Rptr. 900, 903 (1991) (citations omitted). Whether Debtor violently struck and injured Kilpatrick or assisted others in doing so, in holding that Debtor had committed a battery on these facts, the state court had to find that Debtor intended to injure Kilpatrick or that injury was substantially certain to occur. No other finding was possible given the facts here. The actions of Debtor and the others were directed at Kilpatrick. Debtor was an active participant in the violent striking of Kilpatrick, and there is no evidence to the contrary. Clearly, Debtor deliberately and intentionally injured Kilpatrick within the meaning of § 523(a)(6). *See Wright v. Turner (In re Turner)*, 204 B.R. 988, 994 (9th Cir. BAP 1997) (applying collateral estoppel to a state court judgment because each of the five causes of action in the state court complaint alleged facts sufficient to satisfy § 523(a)(6)).

Therefore, the first prong for collateral estoppel, which requires an identity of issues, is satisfied.

### 2. *The Judgment Was Actually Litigated.*

 Debtor argues that because the Judgment was obtained by default, it was not actually litigated and the court therefore erred in giving the Judgment collateral estoppel effect. We disagree.

As set forth above, the bankruptcy court must give the same collateral estoppel effect to a state court judgment as would a court of that state. *See* 28 U.S.C. § 1738; *Nourbakhsh*, 67 F.3d at 800. In California, it is well-established that a judgment obtained by default satisfies the requirement that a judgment be actually litigated. *See Green*, 198 B.R. at 566 (stating that in California, a default judgment " 'conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment.' ")(quoting *Mitchell v. Jones*, 172 Cal.App.2d 580, 342 P.2d 503, 507 (1959)). Thus, Debtor's contention is without merit and the second prong is satisfied.[6]

Therefore, the court did not err in giving the Judgment collateral estoppel effect.

## V. CONCLUSION

In sum, by permitting his default to be entered, Debtor admitted the truth of the material allegations of the state court complaint. Thus, he conceded that he either violently struck Kilpatrick or assisted others in violently striking and injuring him. Given the record before the state court, it is clear that the Judgment was based on either Debtor's intent to injure Kilpatrick or the substantial certainty of injury to Kilpatrick. Therefore, the bankruptcy court did not err in finding that there was an identity of issues for purposes of giving collateral estoppel effect to the Judgment.

6. Debtor additionally argues that in giving collateral estoppel effect to the Judgment, the bankruptcy court ignored the possibility that the Judgment was based on vicarious liability. However, because (1) the vicarious liability cause of action was brought against the parents of the defendants and not the defendants themselves and (2) the Judgment was against Debtor, not his parents, this argument is without merit. Additionally, Debtor's argument that Kilpatrick must show which portion of the Judgment is attributable to Debtor's conduct is without merit because the Judgment, which was obtained by default, did not apportion fault and therefore imposed a joint and several liability on each of the defendants, including Debtor. *See Coca–Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal.App.4th 1372, 1376, 14 Cal.Rptr.2d 673 (1992).

138

Additionally, it is well-established in California that a default judgment satisfies the requirement that the issue be actually litigated.

Therefore, the court did not err in giving the Judgment collateral estoppel effect.

AFFIRMED.