**In re Louis C. SU, aka Chienlu Su and Nancy Shao Su, aka Hsiu S. Su, Debtors.**

**Louis C. Su, Appellant,**

v.

**Dora Carrillo and United States Trustee, Appellees.**

**BAP No. NC–00–1086–GRRy.**

**Bankruptcy No. 99–30659 WDM.**

**Adversary No. 99–3214 DM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 2001.

Decided March 8, 2001.

Stanley A. Zlotoff, Bluer & Zlotoff, San Jose, CA, for Louis C. Su.

Jerome Marks, San Francisco, CA, for Dora Carrillo.

Before: GREENWALD,[1] RUSSELL, and RYAN, Bankruptcy Judges.

### OPINION

RYAN, Bankruptcy Judge.

After Louis and Nancy Su ("Debtors") filed a chapter 7[2] petition, Dora Carrillo filed a complaint against Louis to determine dischargeability of debt under § 523(a)(6) (the "Complaint"). After a trial, the bankruptcy court held the debt nondischargeable under § 523(a)(6), and Louis timely appealed.

We REVERSE and REMAND.

### I. FACTS

The relevant facts in this case are undisputed. In August 1997, Louis drove a passenger van at "approximately 37 miles per hour in a 25 mile per hour zone, at 6th and Bryant in San Francisco, ran a red light and crashed into another motor vehicle." Statement of Undisputed Facts (Nov. 19, 1999), at 2. After colliding with the other vehicle, Louis' van struck and severely injured Carrillo, who was a pedestrian in a crosswalk at that intersection.[3] Carrillo subsequently filed suit against Debtors in state court for compensatory and punitive damages arising from injuries she received in the auto accident. Following a jury trial, a judgment for $130,000 in actual damages and $400,000 in non-economic damages was entered against Debt-

ors and in favor of Carrillo (the "Judgment"). The jury specifically found that (1) Louis was negligent, (2) the negligence resulted in Carrillo's injury, and (3) Louis was guilty of malice[4] by clear and convincing evidence.[5]

In 1999, Debtors filed their chapter 7 petition. Carrillo subsequently filed the Complaint. At trial,[6] the bankruptcy court held the Judgment nondischargeable because there was "by [an] objective standard, a substantial certainty of harm . . . ." Tr. of Proceedings (Dec. 10, 1999), at 68. The bankruptcy court relied on the standard set forth in *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598 (5th Cir.1998), where an injury is considered willful and malicious under § 523(a)(6) when there is "either an objective substantial certainty of harm or a subjective motive to cause harm [on the part of the debtor]." *Id.* at 606. The bankruptcy court stated at trial that

I believe the *Miller* test is the proper law, and I believe therefore I take the totality of the facts and decide whether there was objective substantial certainty, and objective to me means taking it in its entirety, and I take in its entirety the fact that we had a licensed driver driving a van on a busy street at a time of day that was known to be heavy congestion of traffic and I draw the inference from the record that the light

---

1. Hon. Arthur M. Greenwald, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

3. Carrillo sustained massive injuries to her body, including a fractured elbow, collapsed lung, fractured collarbone, and fractured ribs.

4. The state court defined malice as conduct intended to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

5. Despite the finding of malice, no punitive damages were awarded to Carrillo.

6. The matter came before the bankruptcy court as cross-motions for summary judgment. Indeed, the two orders from which Louis appeals indicate that the court granted Carrillo and denied Louis summary judgment (the "Orders"). However, a review of the Record indicates that the parties agreed to have the bankruptcy court conduct a trial based on stipulated facts. The order denying Louis' motion for summary judgment indicated that the bankruptcy court was adopting its tentative decision announced in court. At oral argument before the Panel, Carrillo's counsel admitted responsibility for lodging the Orders with the court with an incorrect caption referring to "Summary Judgment".

was red and draw the inference that it was red for some time, for several seconds, that Mr. Su knowingly went through the light at 37 miles per hour, and one second . . . [and] the remaining facts as set forth in the stipulation regarding the Plaintiff lead me to conclude that there was . . . by objective standard, a substantial certainty of harm, and that therefore the debt is nondischargeable . . . .

Tr. of Proceedings (Dec. 10, 1999), at 67–68.

On February 8, 2000, the Orders were entered, and Louis timely appealed.

## II. ISSUE

Whether the bankruptcy court erred by applying an incorrect legal standard in holding the Judgment nondischargeable under § 523(a)(6).

## III. STANDARD OF REVIEW

■ We review de novo whether a particular type of debt is nondischargeable as a willful and malicious injury under § 523(a)(6). *See Petralia v. Jercich (In re Jercich)*, 243 B.R. 747, 751 (9th Cir. BAP 2000), *rev'd on other grounds*, 238 F.3d 1202 (9th Cir.2001). After the bankruptcy court determines that the debt stems from an intentional tort, its determination of the malicious nature of the tort is reviewed for clear error. *See Gee v. Hammond (In re Gee)*, 173 B.R. 189, 192 (9th Cir. BAP 1994).

■ Additionally, we review de novo the bankruptcy court's interpretation of the Code. *See United States Trustee v. Celebrity Home Entm't Inc. (In re Celebrity Home Entm't Inc.)*, 210 F.3d 995, 997 (9th Cir.2000).

## IV. DISCUSSION

■ It is well-settled that the Code's central purpose of providing a fresh start is limited to the honest but unfortunate debtor. *See Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Under certain circumstances, a creditor may seek to except from a debtor's discharge certain debts. *See* 11 U.S.C. § 523(a). Nevertheless, consistent with effectuating the underlying purposes of the Code, exceptions to discharge under § 523 are narrowly construed. *See Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir.1992). Additionally, the standard of proof for a discharge exception is a preponderance of the evidence. *See Grogan*, 498 U.S. at 287–88, 111 S.Ct. 654.

1. *The Bankruptcy Court Erred by Applying an Incorrect Legal Standard in Determining the "Willful" Requirement Under § 523(a)(6).*

The bankruptcy court held the Judgment nondischargeable because there was an objective substantial certainty that Louis' conduct would result in injury. On appeal, Louis contends that the bankruptcy court erred in adopting the objective substantial certainty standard, holding the debt nondischargeable under § 523(a)(6). Instead, Louis contends that the correct standard the bankruptcy court should have used was whether Louis believed (subjectively) that his conduct was substantially certain to result in injury. We agree.

■ Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court has clarified what constitutes a "willful" injury under § 523(a)(6). A willful injury in § 523(a)(6) requires a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The Court stated that "the [§ 523](a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" *Id.* at 61–62,

118 S.Ct. 974 (quoting RESTATEMENT (SECOND) OF TORTS § 8A cmt. a at 15 (1964)).

■ In the recently decided case of *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir.2001), the Ninth Circuit Court of Appeals held that the willful injury requirement under § 523(a)(6) is met "when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor *believed* that injury was substantially certain to occur as a result of his conduct." *Id.* at 1208 (emphasis added). In so holding, the court analyzed the *Miller* and *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455 (6th Cir.1999), decisions. In establishing its standard, the court stated that its holding was "consistent with the approaches taken by the Fifth and Sixth Circuits." *Jercich*, 238 F.3d at 1208. However, we note that there is a material difference between the Fifth and Sixth Circuit tests, and this difference affects our decision here.

In *Miller*, the Fifth Circuit held that an "intentional tort requires either objective substantial certainty of harm or subjective motive to do harm." *Miller*, 156 F.3d at 604. In *Jercich*, the Ninth Circuit interpreted the *Miller* test as requiring a showing that "the debtor's motive was to inflict the injury or the debtor's act was substantially certain to result in injury." *Jercich*, 238 F.3d at 1208.

In *Markowitz*, the Sixth Circuit, citing to the Restatement (Second) of Torts (the "Restatement"), held that a willful injury under § 523(a)(6) requires that "the actor desires to cause consequences of his act, or ... *believes* that the consequences are substantially certain to result from it ...." *Markowitz*, 190 F.3d at 464 (emphasis added). In *Jercich*, the court viewed the *Markowitz* test as requiring a showing that the debtor willed or desired the harm, or *believed* "that injury [was] substantially certain to occur as a result of his behavior ...." *Jercich*, 238 F.3d at 1208.

The key difference between the *Miller* and *Markowitz* holdings is that *Markowitz* followed the Restatement's requirement that the debtor *believe* that his actions will with substantial certainty cause injury, while in *Miller* the subjective belief of the debtor as to the certainty of the harm was not controlling. A number of courts have failed to recognize this distinction. *See, e.g., Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916, 922 (6th Cir. BAP 2000) (stating that the Eighth and Fifth Circuits and the Ninth Circuit BAP have embraced the "substantially certain" standard). In *Baldwin v. Kilpatrick (In re Baldwin)*, 245 B.R. 131 (9th Cir. BAP 2000), we also ignored this important distinction. *Id.* at 136. However, this distinction is critical here with these facts. In *Jercich*, the court followed the *Markowitz* test, and we shall do likewise now that the Ninth Circuit has given us this clear guidance.

In reaching its decision, the bankruptcy court did not have the benefit of the *Jercich* or *Baldwin* decisions. However, in its oral ruling, the bankruptcy court referred to both the *Miller* and *Markowitz* decisions. The court followed the *Miller* decision, although it acknowledged that the *Markowitz* decision was similar with some additional restrictions.

> There is on this record, of course, no subjective motive to cause harm. The question is whether there's an objective substantial certainty. A case that's been decided even since *Miller* is a case called *Markowitz*—oh, actually one that was decided on the same day—oh, oddly enough, *Markowitz* was decided one day earlier, the Sixth Circuit, 190 F.3d 455, *In re Markowitz* or *Markowitz v. Campbell.* I believe it's fair to say that *Markowitz v. Campbell* reaches a similar conclusion, perhaps a little more strictly, but does not reject the objective standard, and I believe that's the better rule.

Tr. of Proceedings (Dec. 10, 1999), at 67.

The record shows that the bankruptcy court used an objective substantial certainty standard, which, although acceptable

**914**

under *Miller,* is inconsistent with the subjective substantial certainty standard adopted in *Markowitz* and *Jercich.* Accordingly, the bankruptcy court applied an incorrect legal standard in determining that Louis willfully injured Carrillo.

2. *The Bankruptcy Court Erred in Applying an Incorrect Legal Standard in Determining the "Malicious" Requirement Under § 523(a)(6).*

In *Jercich,* the court treated the "malicious" injury requirement of § 523(a)(6) as separate from the "willful" determination. It sets out the test for maliciousness as "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause and excuse." *Jercich* 238 F.3d at 1209 (citations omitted). Although acknowledging that the *Miller* court had held that *Geiger* had displaced the "just cause and excuse" standard by collapsing the "willful" and "malicious" prongs into a single inquiry, the Ninth Circuit specifically rejected this view. *Id.* at 1209 n. 36. Because the bankruptcy court collapsed the "willful" and "malicious" prongs of the test in accordance with *Miller,* this was error in light of the recent *Jercich* decision.

## V. CONCLUSION

In sum, the bankruptcy court erred in holding the Judgment nondischargeable under § 523(a)(6) by applying the incorrect legal standards to the "willful" and "malicious" requirements of § 523(a)(6). We REVERSE and REMAND for the bankruptcy court to apply the appropriate legal standards in resolving this § 523(a)(6) proceeding.