**In re PATE, Jerry, Debtor.**

**Gay–Emily Massie, Plaintiff,**

v.

**Jerry Pate, Defendant.**

**Bankruptcy No. 00–00335.**
**Adversary No. 00–6297.**

United States Bankruptcy Court,
D. Idaho.

May 17, 2001.

Marc S. Tanner, Boise, Idaho, for debtor.

## MEMORANDUM OF DECISION

TERRY MYERS, Bankruptcy Judge.

### BACKGROUND AND FACTS

Defendant, Jerry Pate, filed a chapter 7 proceeding on February 10, 2000. Creditor Gay–Emily Massie timely filed a complaint contending that an obligation Defendant owes her should be excepted from discharge pursuant to §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6). Defendant responded with a general denial.

Plaintiff moved on February 15, 2001 for "summary judgment against Defendant Jerry Pate in her favor on her claims asserted pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) in this case." Motion for Summary Judgment and Notice, at p. 1. This reflects, as does Plaintiff's "Memorandum in Support of Motion for Summary Judgment" at p. 2, n. 1, that she does not seek summary judgment on any of the other § 523 theories alleged in the complaint.

The motion is supported by an affidavit of Plaintiff in which she testifies that she had paid Defendant $2,500.00 in 1998 and $15,000.00 in February 1999, and that Defendant promised to invest those funds on her behalf. She states that only a portion of the money was repaid. She further testifies that, in relation to these funds, Mr. Pate was tried and convicted on two counts of grand theft by deception under Idaho Code §§ 18–2403(2)(a) and 18–2407(1)(B).[1]

The state court, in addition to the criminal conviction and sentence (Exhibit B to the affidavit), imposed an "Order for Restitution and Judgment" in favor of Plaintiff in the amount of $10,273.59 plus interest at 12% per annum from the date of entry. *See* Affidavit, Exhibit C. This judgment is expressly characterized as a "civil" judgment[2].

Though Plaintiff scheduled her summary judgment motion for hearing, the Court on March 8, 2001 vacated the hearing and established a procedure for submission of

---

1. Idaho Code § 18–2403 provides in part:

 (1) A person steals property and commits theft when, with the intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

 (2) Theft includes a wrongful taking, obtaining or withholding of another's property, with the intent prescribed in subsection (1) of this section, committed in any of the following ways:

 (a) By deception obtains or exerts control over property of the owner.
 "Deception" is defined in § 18–2402(2) in several different ways, but the record does not make clear which approach was applied at trial. The other referenced provision, § 18–2407(1)(B), relates to whether the theft was grand or petit in degree

2. Another individual was also awarded restitution under this same judgment. That aspect is not here at issue.

this matter. Plaintiff opted, under the March 8 Order, to submit the question of summary judgment upon the written record without oral argument. Defendant on April 24, 2001 filed his submissions in opposition to the motion for summary judgment. *See* Fed.R.Civ.P. 56(e), Fed. R.Bankr.P. 7056.

Defendant's affidavit is in an unusual form. It first poses several questions to Plaintiff, almost in the nature of discovery, and then follows with a more traditional testimonial form of affidavit. However, the affidavit, at p. 1, ¶ 4, asserts that the several questions asked Plaintiff represent a true, factual chronology of the events. Defendant's affidavit generally denies any intent to deceive Plaintiff, and alleges that the debt to her arose from investment strategies of Defendant which failed.

It is upon this record that the motion for summary judgment is presented.

## APPLICABLE STANDARDS

### 1. Summary judgment

In *Esposito v. Noyes (In re Lake Country Investments)*, 255 B.R. 588, 597, 00.4 I.B.C.R. 175, 178–79 (Bankr.D.Idaho 2000), the Court stated:

> Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(e); Fed.R.Bankr.P. 7056. *Anguiano v. Allstate Insurance Company*, 209 F.3d 1167, 1169 (9th Cir.2000); *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998).

The Court does not weigh the evidence in considering summary judgment. Rather, it determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.1997).

### 2. Collateral estoppel

 Plaintiff relies in significant part on the state court judgment as the basis for entry of summary judgment. The preclusive effect of prior judgments is analyzed under principles of collateral estoppel (issue preclusion). *See Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 916–18 (9th Cir. May 9, 2001), citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).[3] As stated by the court in *In re Baldwin*, 245 B.R. 131 (9th Cir. BAP 1995):

> The doctrine of collateral estoppel, or issue preclusion, is intended to protect parties from multiple lawsuits and the possibility of inconsistent decisions, and to preserve judicial resources. *See Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir.1996).
>
> Collateral estoppel applies in dischargeability proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The burden of proof is on the party seeking to assert collateral estoppel and in order to sustain this burden, "a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." [ *In re Kelly*, 182 B.R. 255, 258 (9th Cir. BAP1995) ]. "Any reasonable doubt as

---

**3.** *Res judicata* (claim preclusion) is unavailable since the dischargeability issues arise for the first time in this Court. *See, Teater v. Volz (In re Teater)*, 86 I.B.C.R. 290, 292 (Bankr.D.Idaho 1986), *citing, Brown v. Fel-*

sen, 442 U.S. 127, 134, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). *See also, Comer v. Comer (In re Comer)*, 723 F.2d 737, 739–740 (9th Cir.1984).

to what was decided by a prior judgment should be resolved against allowing the collateral estoppel effect." *Id.* 245 B.R. at 134.

▮ Additionally, the preclusive effect of a state court judgment in subsequent federal litigation is determined by the law of the state in which the judgment was entered. *Id.*, citing *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995). In Idaho, consideration of the following five factors guide the application of collateral estoppel: 1) the issue to be precluded must be identical to the issue decided in the prior proceeding; 2) the issue must have actually been litigated in the prior proceeding; 3) the court in the prior proceeding must have issued a final judgment on the merits; 4) the determination of the issue must have been essential to the prior judgment; and 5) the party against whom the doctrine is asserted must have been a party to or in privity with a party to the earlier proceeding. *State v. Gusman,* 125 Idaho 810, 874 P.2d 1117, 1119 (1993); *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171, 178–79 (1986).

### 3. Dischargeability issues

▮ While under *Nourbakhsh* the Court looks to state law to determine preclusive effect under principles of collateral estoppel, the question of dischargeability of a debt is a question of federal bankruptcy law. *Comer,* 723 F.2d at 739 (holding that neither collateral estoppel nor *res judicata* "bar the bankruptcy court from looking beyond the state court judgment to determine whether the debt came within one of the exceptions to discharge"). Two nondischargeability provisions are presently at issue.

#### a. Section 523(a)(6)

To except a debt from discharge under § 523(a)(6), a creditor must prove that the debt arose through "willful and malicious injury by the debtor." *Spokane Railway v. Endicott (In re Endicott)*, 254 B.R. 471, 475, 00.1 I.B.C.R. 199, 200 (Bankr.D.Idaho 2000); *East Idaho Federal Credit Union v. Thomason (In re Thomason)*, 225 B.R. 751, 98.3 I.B.C.R. 77 (Bankr.D.Idaho 1998).

▮ Pursuant to the Ninth Circuits decision in *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir.2001), *reversing In re Jercich,* 243 B.R. 747 (9th Cir. BAP 2000), "willful" and "malicious" are separate concepts which have their own elements and require separate analysis. In order to determine whether a debtor has acted willfully, it must be "shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that the injury was substantially certain to occur as a result of his conduct." *Id.* at 1207.[4] To prove the malicious element, it must be shown that the debtor wrongfully and intentionally harmed another "without just cause or excuse." *Id.* at 1209. *See also, Endicott,* 254 B.R. at 477–78.

#### b. Section 523(a)(2)(A)

▮ Section 523(a)(2)(A) provides for nondischargeability of debts incurred through "false pretenses, a false representation, or actual fraud." This cause of action mirrors the concept of common law fraud, and requires a showing of: 1) misrepresentation of a material fact; 2) knowledge of the falsity of the representation; 3) intent to induce reliance; 4) justifiable reliance; and 5) damages. *In re*

---

**4.** *Su v. Carrillo (In re Su),* 259 B.R. 909 (9th Cir. BAP 2001) discusses and rejects the articulation of an "objective substantial certainty" standard. 259 B.R. at 913–14. This question was previously addressed in *Endicott,* 254 B.R. at 476, 00.1 I.B.C.R. at 201, n. 9.

*Tobin,* 258 B.R. 199, 203 (9th Cir. BAP 2001).[5]

## DISCUSSION AND DISPOSITION

■ Defendant's affidavit asserts an absence of intent to injure Plaintiff. And he testifies specifically of investment strategies which failed, bespeaking a lack of substantial certainty of injury. Thus Defendant creates a genuine issue of material fact as to § 523(a)(6) and summary judgment would be inappropriate. In reviewing the entirety of his affidavit and that of Plaintiff, the Court finds similar issues as to the existence of all five required elements of § 523(a)(2)(A).[6]

Plaintiff obviously relies upon the state court criminal conviction as the linchpin to her summary judgment motion. But she provides only the sentencing disposition and the restitution judgment. She apparently believes that these documents and the fact that Defendant's conviction was for theft "by deception" is sufficient for summary judgment purposes. The Court disagrees.

Where, as here, Plaintiff relies upon state court litigation under principles of collateral estoppel as establishing the factual predicate for a finding of nondischargeability, she must provide "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action", thus proving that each element required under § 523 was in fact presented and adjudicated in the state court action. *Baldwin, supra,* 245 B.R. at 134, quoting *Kelly,* 182 B.R. at 258. Any reasonable doubt as to what was decided in the prior litigation should be resolved against allowing collateral estoppel effect.*Id.*

Under Idaho law, the proponent of collateral estoppel must show that the issue to be precluded is identical to an issue actually litigated and decided in the prior proceeding. *Gusman,* 874 P.2d at 1119. Plaintiff's showing under *Gusman* and *Baldwin* falls short. It does not establish, in regard to § 523(a)(6), conduct undertaken with actual intent or motive to injure or with substantial certainty of injury, done without just cause or excuse. In regard to § 523(a)(2)(A), it does not establish the knowingly false representation of material fact upon which Defendant intended Plaintiff to rely and on which she justifiably relied to her injury. Plaintiff asks the Court to presume too much from the fact of conviction of the offense. *Cf., Itano Farms, Inc. v. Fred Currey (In re Currey),* 154 B.R. 977, 93 I.B.C.R. 152, 155 (Bankr.D.Idaho 1993).[7]

---

**5.** It can also be noted, in regard to all the § 523(a) causes, that the standard of proof at trial is that of a preponderance of the evidence. *Grogan,* 498 U.S. at 287–88, 111 S.Ct. 654. However, consistent with the Bankruptcy Code's strong policy in favor of a fresh start, dischargeability exceptions are narrowly construed. *Snoke v. Riso (In re Riso),* 978 F.2d 1151, 1154 (9th Cir.1992).

**6.** Both causes at issue have intent elements. As noted in *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283 (9th Cir. 1999), "[q]uestions involving a person's state of mind ... are generally factual issues inappropriate for resolution by summary judg-

ment". *Id.* at 1302, quoting *Braxton–Secret v. Robins Co.,* 769 F.2d 528, 531 (9th Cir.1985).

**7.** The debtor-defendant in *Itano Farms* had been convicted under Idaho Code § 18–3106(b) for writing bad checks and, as a result, the plaintiff was awarded restitution. A § 523(a)(2)(A) action was filed to prevent discharge of that debt. Plaintiff moved for summary judgment based on the conviction. Because Idaho Code § 18–3106(b) adequately set forth the elements required under § 523(a)(2)(A), *see* 93 I.B.C.R. at 155, the Court granted the plaintiff's motion. Here, however, the Court concludes the theft by deception statute, Idaho Code § 18–

Based upon the showings made, the Court cannot find on this record that Plaintiff is entitled to summary judgment on the two theories she advances. The motion must therefore be denied.[8]

**CONCLUSION**

Plaintiff's Motion for Summary Judgment will be denied without prejudice, and the Court will issue a separate order so providing.

2403(2)(a), does not itself similarly set forth all five of the requisite § 523(a)(2)(A) elements, and Plaintiff has not presented a record showing they were otherwise established at trial.

8. The Court recognizes that the Complaint and criminal conviction for "theft" raise a *prima facie* issue under the larceny provisions of § 523(a)(4). However, Plaintiff expressly moved for summary judgment on only two of the many theories set forth in her complaint, and § 523(a)(4) is not one of them. The Court deems it inappropriate to address this theory until the same is properly before it, and until Defendant has had an opportunity to raise such arguments and defenses as he might have to that claim.