**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: NANCY ANN HOWELL, | No. 21-60031 |
| Debtor, | BAP No. 20-1172 |
| ------------------------------ | |
| NANCY ANN HOWELL, | MEMORANDUM* |
| Appellant, | |
| v. | |
| LAW OFFICES OF ANDREW S BISOM; EISENBERG LAW FIRM, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Gan, and Faris, Bankruptcy Judges, Presiding

Submitted September 12, 2023**
San Francisco, California

Before: FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nancy Ann Howell appeals pro se from the judgment of the Bankruptcy

Appellate Panel (BAP) affirming the bankruptcy court's summary judgment in

Counsel's[1] adversary action. Counsel had previously obtained an adverse

judgment against Howell in the amount of $48,080.94 (the California Judgment) in

Counsel's suit for breach of contract and fraud in the Superior Court of California,

County of Orange (the California Action). The bankruptcy court determined that

debt was nondischargeable. *See* 11 U.S.C. § 523(a)(2)(A). We review de novo,[2]

and we affirm.

The bankruptcy court properly applied issue preclusion arising from the

California Judgment to the elements of duty and damages in the nondischargeablity

action. *See Grogan v. Garner*, 498 U.S. 279, 283–85, 111 S. Ct. 654, 657–58, 112

L. Ed. 2d 755 (1991); *see also Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240,

1245–46, 1246 n.4 (9th Cir. 2001) (federal law); *Boschma v. Home Loan Ctr., Inc.*,

129 Cal. Rptr. 3d 874, 890 (Ct. App. 2011) (California law).

With regard to Howell's duty to disclose material facts to Counsel, an

identical issue was actually litigated and necessarily decided in the California

---

[1] Law Offices of Andrew S Bisom and Eisenberg Law Firm.

[2] *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001); *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (per curiam).

Action.  *See Hernandez v. City of Pomona*, 207 P.3d 506, 514 (Cal. 2009); *Lucido v. Superior Court*, 795 P.2d 1223, 1226 (Cal. 1990).  The California jury found that Howell had entered into a contract with Counsel.  Howell's duty to disclose arose from that relationship as a matter of both California[3] and federal law,[4] particularly in light of the evidence of duty adduced at trial in the California Action.  *See Hernandez*, 207 P.3d at 514.

Likewise, an identical issue[5] regarding damages from Howell's fraud was actually litigated and necessarily decided in the California Action.  The jury found that Counsel suffered $48,080.94 in damages from Howell's fraud—the same amount that Counsel later asked the bankruptcy court to determine was nondischargeable—and that finding was essential to the California Judgment.  *See Archer v. Warner*, 538 U.S. 314, 320–21, 123 S. Ct. 1462, 1467, 155 L. Ed. 2d 454 (2003); *Lucido*, 795 P.2d at 1226.  Thus, the California Judgment was preclusive as to the issue of damages from Howell's fraud.  Moreover, the bankruptcy court properly determined that the $48,080.94 debt arose from fraud and was thus

---

[3] *See Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 827 (Ct. App. 2014).

[4] *See Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1324 (9th Cir. 1996).

[5] *See In re Harmon*, 250 F.3d at 1246; *Boschma*, 129 Cal. Rptr. 3d at 890.

nondischargeable. *See Cohen v. de la Cruz*, 523 U.S. 213, 218, 118 S. Ct. 1212, 1216, 140 L. Ed. 2d 341 (1998).

Finally, we reject Howell's argument that her debt to Counsel is nevertheless dischargeable because it was obtained by "a statement respecting the debtor's . . . financial condition." 11 U.S.C. § 523(a)(2)(A). On the contrary, Howell's fraud was accomplished via concealment (e.g., an omission),[6] which is not a "statement" within the meaning of § 523(a)(2)(A). *See Lamar, Archer & Cofrin, LLP v. Appling*, __ U.S. __, __, 138 S. Ct. 1752, 1758–59, 1763, 1763 n.4, 201 L. Ed. 2d 102 (2018); *see also Field v. Mans*, 516 U.S. 59, 76–77, 77 n.13, 116 S. Ct. 437, 446–47, 447 n.13, 133 L. Ed. 2d 351 (1995).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam); *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 603 (9th Cir. 2006).

**AFFIRMED.**

---

[6] *See Citibank (S.D.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089 (9th Cir. 1996).