NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: STEVEN THOMPSON; ASTER KIFLE-THOMPSON, <br><br> Debtors. <br><br> ——————————————— <br><br> STEVEN THOMPSON; ASTER KIFLE-THOMPSON, <br><br> Appellants, <br><br> v. <br><br> MONTEREY MUSHROOMS, INC., <br><br> Appellee. | No. 09-60037 <br><br> BAP No. NC-08-1302-JuMkD <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Markell, and Dunn, Bankruptcy Judges, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Steven Thompson and Aster Kifle-Thompson ("debtors") appeal pro se from the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's summary judgment in an adversary proceeding determining that a California state court judgment was a nondischargeable debt. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, *Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 916-17 (9th Cir. 2001), and we affirm.

The bankruptcy court properly determined that the debt was nondischargeable based on the Monterey County Superior Court's findings of fact. *See* 11 U.S.C. § 523(a)(2)(A), (a)(6) (debts obtained either under "false pretenses, a false representation, or actual fraud" or "for willful and malicious injury by the debtor to another entity" are nondischargeable); *In re Baldwin*, 249 F.3d at 917-20 (concluding that, in an adversary proceeding concerning dischargeability, the bankruptcy court properly gave preclusive effect to an issue decided in a state court action). We are not persuaded by debtors' contentions concerning the California Workers' Compensation Appeals Board and Board of Chiropractic Examiners.

We do not consider debtors' contention concerning the alleged bias of the superior court judge because it was raised for the first time on appeal and its consideration is not "necessary to prevent manifest injustice." *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

Debtors' remaining contentions are unpersuasive.

Appellees' unopposed request for judicial notice is granted.

**AFFIRMED.**