**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIMON CHAN,

    Appellant,

 v.

SCOTT FRAZER; et al.,

    Appellees.

No. 20-16762

D.C. No. 5:19-cv-05368-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted November 17, 2021[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

 Simon Chan appeals the district court's order affirming the bankruptcy

court's grant of summary judgment to a group of real estate investors, Scott Frazer

et al. The bankruptcy court held that Chan's state court judgment debt was

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

nondischargeable due to fraud under 11 U.S.C. § 523(a)(2)(A).  We have jurisdiction under 28 U.S.C. § 158(d) and we affirm.

We review a district court's decision on appeal from a bankruptcy court de novo.  *In re JTS Corp.,* 617 F.3d 1102, 1109 (9th Cir. 2010).  "In reviewing the bankruptcy court's grant of summary judgment, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the substantive law."  *In re Baldwin*, 249 F.3d 912, 916 (9th Cir. 2001).  "[T]he preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment issued."  *Gayden v. Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995).  In this appeal, the parties disagree only about whether the bankruptcy court correctly applied California preclusion law.

Under California law, there are five threshold requirements for the application of issue preclusion, or collateral estoppel: (1) the issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the

2

merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). In addition, courts must typically consider "the public policies underlying the doctrine before concluding that collateral estoppel should be applied in a particular setting." *Id.* at 342–43.

On appeal to us, Chan argues that the bankruptcy court erred in applying issue preclusion because he litigated the fraud claim only to the point of issuance of a Statement of Decision by the California Superior Court, and because the final judgment was entered pursuant to a stipulation between the Chapter 7 trustee and Frazer et al. Under California law, a statement of decision is not a final judgment because the Superior Court retains the power to amend its "findings of fact or conclusions of law" until judgment is entered. *Bay World Trading, Ltd. v. Nebraska Beef, Inc.*, 101 Cal. App. 4th 135, 141 (2002). Once entered, judgments are final only when they are "free from direct attack." *People v. Sims*, 32 Cal. 3d. 468, 486 (1982).

Here, the bankruptcy court gave preclusive effect to the Statement of Decision only after it had been wholly incorporated in the stipulated judgment and all direct review had been exhausted. The judgment was entered by the Superior Court on April 18, 2018. Chan appealed the stipulated judgment. That appeal was

dismissed by the California Court of Appeal. When the Supreme Court of California denied Chan's petition for review, the Superior Court's decision became final on March 4, 2019. Therefore, the decision in the prior proceeding was "free from direct attack" several weeks before Frazer et al. filed their motion for summary judgment in the bankruptcy court on March 28, 2019.

Chan further argues that the state court judgment should not be given preclusive effect because the entry of the judgment was stipulated to by Frazer et al. and the Chapter 7 trustee, and that neither he nor a party with which he was in privity litigated the claim to the point of finality. "[U]nder California law, in order for us to conclude that the issue had been actually litigated in the prior proceeding, we must either find that the court made an express finding on the issue or we must conclude that the issue was necessarily decided in the prior proceeding." *In re Baldwin*, 249 F.3d at 919. A court must consider whether a party to be estopped had a "full and fair opportunity" to litigate the issue. *See Gottlieb v. Kest*, 141 Cal. App. 4th 110, 148 (2006). Whereas stipulated judgments that are the product of litigation generally have issue-preclusive effects in California, compromise judgments that are the product of negotiations do not. *See In re Yaikian*, 508 B.R. 175, 184 (Bankr. S.D. Cal. 2014).

4

Unlike the trustee's stipulation as to Chan's liability for punitive damages, Chan actually litigated his liability for compensatory damages. After a five-day bench trial in July 2017, the Superior Court found Chan liable on all theories except negligent misrepresentation. Prior to issuing the final statement of decision, the Superior Court issued a tentative decision, and Chan submitted objections and supplemental objections. The Superior Court's January 24, 2018 Statement of Decision was a detailed, express determination of Chan's liability for compensatory damages based on fraud. Frazer et al. and the Chapter 7 trustee's subsequent stipulation for the entry of judgment wholly incorporated the court's Statement of Decision and attached it as Exhibit A. Because the stipulated judgment adopted the Superior Court's Statement of Decision that Chan had personally litigated up to the point of its issuance, the bankruptcy court did not err in affording preclusive effect to the judgment.

Finally, Chan argues that giving issue-preclusive effect to the judgment was contrary to the public policies underlying the doctrine—the "preservation of integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Lucido*, 51 Cal. 3d at 343. Because Chan actually litigated the issue of liability for compensatory damages

5

based on fraud, we hold that the bankruptcy court's application of issue preclusion was not contrary to public policy.

**AFFIRMED.**