
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| In re: | BAP No. NC-24-1207-GTB |
| JAMSHID DARYANABARD, | |
| Debtor. | Bk. No. 23-50443 |
| | |
| JAMSHID DARYANABARD, | Adv. No. 23-05024 |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| PETER PIROUZKAR, | |
| Appellee. | |

Appeal from the United States Bankruptcy Court
for the Northern District of California
M. Elaine Hammond, Bankruptcy Judge, Presiding

Before: GAN, TAYLOR,[1] and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[2] debtor Jamshid Daryanabard ("Debtor") appeals the

bankruptcy court's grant of summary judgment in favor of creditor Peter

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Hon. Laura S. Taylor, United States Bankruptcy Judge for the Southern District of California, sitting by designation.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Pirouzkar, holding a state-court judgment nondischargeable under

§ 523(a)(2). The bankruptcy court applied issue preclusion and held that

the judgment established Debtor's fraud. Citing the *Rooker-Feldman*

doctrine, the court refused to consider Debtor's arguments regarding

purported errors in the state court judgment.

Debtor makes a litany of arguments why the state court erred, and he

maintains the bankruptcy court misinterpreted the *Rooker-Feldman*

doctrine. He argues that the state-court judgment is void for lack of

personal service and the bankruptcy court erred by applying issue

preclusion.

The bankruptcy court properly applied the law, and Debtor does not

demonstrate an abuse of discretion. We AFFIRM.

**FACTS[3]**

**A.     Prepetition events**

Sometime between 2001 and 2003, Debtor borrowed $46,000 from

Mr. Pirouzkar's mother, Mahin Pirouzkar. Debtor agreed to pay interest at

1% per month with the principal payable upon demand. In exchange,

Debtor provided undated checks drawn on his business account. Debtor

made interest payments until Ms. Pirouzkar called the loans due in 2016.

---

[3] We exercise our discretion to take judicial notice of documents electronically filed in the main case, the prior bankruptcy case, and related adversary proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In January 2017, Debtor paid $6,000 but refused to make any further payments. Mr. Pirouzkar, as the legal representative for his mother, informed Debtor that the bank refused to cash the checks provided by Debtor because the business account had been closed, and he asserted that Debtor fraudulently issued the checks.

Ms. Pirouzkar died in June 2017. As special administrator for his mother's estate, Mr. Pirouzkar filed a petition for return of estate property in the state court probate action. He claimed that Debtor owed the estate $52,851.64 in principal and interest. Debtor appeared in the action and claimed he owned the estate no more than $14,000.

## B.    Debtor's 2019 bankruptcy case and the state-court judgment

In October 2019, while the action was pending in state court, Debtor filed a chapter 13 petition. Mr. Pirouzkar filed a motion for stay relief seeking to file an amended petition in state court and to liquidate his claims against Debtor. The bankruptcy court granted stay relief, but it required that enforcement of any claim would be through the bankruptcy proceedings.

Mr. Pirouzkar filed the amended petition, which included additional causes of action for fraud and financial elder abuse. In May 2020, Mr. Pirouzkar mailed notice of the continued hearing on the amended petition to Debtor at his business address and his home address. Debtor did not appear at the hearing, and the state court entered judgment in August 2020.

3

The state court held that Debtor committed fraud by falsely representing that the checks were valid, would serve as collateral, and could be cashed at any time. The court held that Debtor made the false statements with intent to defraud, and it held that Ms. Pirouzkar was ignorant of the falsity of the misrepresentations and justifiably relied on them in making the loans. Debtor did not appeal.

The bankruptcy court dismissed Debtor's 2019 bankruptcy case in September 2020, and it closed his case in January 2021.

## C.    Debtor's 2023 bankruptcy and adversary proceeding

Debtor filed the present chapter 13 petition in April 2023. Mr. Pirouzkar filed an adversary complaint seeking to make the state-court judgment nondischargeable under § 523(a)(2) and (a)(4). He filed a motion for partial summary judgment arguing that the judgment established Debtor's fraud under § 523(a)(2).

Debtor opposed the motion and claimed that he owed Ms. Pirouzkar only $14,000. Debtor acknowledged that he was personally served with the original petition for return of estate property, but argued that because the petition was not granted, he prevailed. According to Debtor, the amended petition created a new lawsuit which required new service. Debtor maintained he was not personally served with the amended petition or notice of hearing and thus, the state-court judgment was void for lack of personal service. He also disputed the damages and the evidentiary basis for the state court's decision.

The bankruptcy court applied issue preclusion and determined that the state-court judgment established Debtor's fraud. In response to Debtor's arguments about the underlying issues determined by the state court, the bankruptcy court held that it was barred by the *Rooker-Feldman* doctrine from considering whether the state court erred. The bankruptcy court entered partial summary judgment, and Debtor timely appealed. Subsequently, the bankruptcy court entered an amended judgment including a certification under Civil Rule 54(b).

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by granting summary judgment on Mr. Pirouzkar's claim under § 523(a)(2)?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant of summary judgment. *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 461 (9th Cir. BAP 2015). We also review de novo the bankruptcy court's determination that issue preclusion was available. *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 103 (9th Cir. BAP 2007).

Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

If we determine that issue preclusion is available, we then review the bankruptcy court's decision to apply it for an abuse of discretion. *In re Plyam*, 530 B.R. at 461. A bankruptcy court abuses its discretion if applies the wrong legal standard, or its findings of fact are illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor's central argument is that the amended petition initiated a separate case in state court which required separate personal service. He claims he was not served, and thus, the judgment is void. Debtor argues the *Rooker-Feldman* doctrine does not limit the bankruptcy court's ability to determine the factual issues of the fraud claim, but he conflates the *Rooker-Feldman* doctrine with the proper application of issue preclusion. Because the state-court judgment is final and satisfies the elements for issue preclusion under state law, the bankruptcy court properly gave it preclusive effect. And the bankruptcy court correctly held that the *Rooker-Feldman* doctrine limited its ability to address any alleged errors in the state-court judgment.

### A.    Legal standards

#### 1.    Summary judgment

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

6

law." In reviewing summary judgment, we must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Because Mr Pirouzkar's motion for partial summary judgment was based on issue preclusion, the material facts were not in dispute. Thus, our only function is to determine whether the bankruptcy court correctly applied the law. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004).

### 2. Issue preclusion

The doctrine of issue preclusion applies to actions to except debts from discharge under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). In applying issue preclusion, the bankruptcy court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The party asserting issue preclusion bears the burden of establishing the threshold elements. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001).

To determine the issue preclusive effect of the California judgment, the bankruptcy court must apply California's issue preclusion law, which requires:

> (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding.

*In re Plyam*, 530 B.R. at 462 (citing *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341 (1990)). The court additionally must assess "whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy." *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824-25 (9th Cir. BAP 2006) (citing *Lucido*, 51 Cal. 3d at 341-43), *aff'd*, 506 F.3d 956 (9th Cir. 2007).

**B.     The bankruptcy court did not err by holding that issue preclusion was available.**

Debtor contends that the state court judgment is void for lack of personal service, and he suggests the state court erred because there was no admissible evidence of fraud, and the amount owed was disputed. He argues that the bankruptcy court was required to determine the issue of fraud irrespective of the state-court judgment, and the *Rooker-Feldman* doctrine is inapplicable here.

The *Rooker-Feldman* doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). It bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The bankruptcy court correctly applied the *Rooker-Feldman* doctrine and appropriately declined to consider Debtor's arguments pertaining to alleged errors by the state court. But Debtor's primary contention that the state-court judgment is void is essentially a question about whether issue preclusion is available.

It is undisputed that Debtor was served with the petition for return of estate property and a summons, in accordance with California Code of Civil Procedure ("CCP") § 583.210, and he made a general appearance in the state court action. Thus, the state court had personal jurisdiction. *See* CCP § 410.50(a) ("[T]he court in which an action is pending has jurisdiction over a party from the time the summons is served on him . . . ."); *JHVS Grp., LLC. v. Slate*, 107 Cal. App. 5th 30, 37 (2024) ("[A] defendant may waive an objection to the court's lack of personal jurisdiction, for example, by making a general appearance . . . ." (cleaned up)). The court retained

9

personal jurisdiction "throughout subsequent proceedings in the action." CCP § 410.50(b).

Debtor's argument that the amended petition created a new case is absurd. The amended petition was filed in the same probate action in which Debtor was served and had appeared. Because the state court had personal jurisdiction over Debtor "in a fundamental sense," its judgment was not void, even if Debtor could show that notice of the amended petition and hearing were not proper. *See People v. Am. Contractors Indem. Co.*, 33 Cal. 4th 653, 660-61 (2004) (distinguishing between a lack of jurisdiction in a fundamental sense, which renders a judgment void, and an action by a court in excess of its authority, which renders a judgment "merely voidable"); *see also O'Connor v. Old Republic Sur. Co. (Conservatorship of O'Connor)*, 48 Cal. App. 4th 1076, 1088-89 (1996) (explaining that a judgment entered by a court with personal and subject matter jurisdiction after a failure to comply with statutory noticing procedures was "in excess of jurisdiction" and thus voidable, not void).

The record indicates that Debtor received notice of the hearing on the amended petition, and the state court judgment includes a finding that notice was proper.[4] But even if Debtor did not receive notice of the

---

[4] The proof of service states that Mr. Pirouzkar mailed notice of the hearing to Debtor at both his business address and home address in May 2020. Debtor claims that his business had already been evicted by the time notice was mailed, but he does not dispute his home address or argue he no longer lived there. The docket in the 2019 bankruptcy case shows he continued to receive notice of bankruptcy filings at his home

amended petition or the hearing, he must challenge the state court judgment directly through an appeal or by filing a motion to vacate the judgment. *Am. Contractors Indem. Co.*, 33 Cal. 4th at 661 (citing *Pac. Mut. Life Ins. Co. v. McConnell*, 44 Cal. 2d 715, 727 (1955)). Debtor did not appeal the state court judgment, and it is now final. *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (holding that a California judgment is final and can be used for preclusive purposes once a party's appeal rights have been exhausted).

The final judgment is "valid until it is set aside," and can form the basis for issue preclusion under state law. *See Am. Contractors Indem. Co.*, 33 Cal. 4th at 661; *see also Schultz v. Harney*, 27 Cal. App. 4th 1611, 1618 (1994) ("It is established beyond all reasonable dispute that a final judgment or order, even if erroneous or clearly contrary to a statute, is res judicata if the court had jurisdiction in the fundamental sense, that is, jurisdiction over the subject matter and the parties." (citations omitted)).

The bankruptcy court did not err by holding that issue preclusion was available for issues actually litigated and necessarily decided by the state-court judgment. Any argument about the validity of the state-court judgment, including Debtor's claim that it is void for lack of service or notice, must be heard by the state court through an appeal or motion for post-judgment relief.

---

address until the case was closed in January 2021.

**C. The bankruptcy court did not abuse its discretion by applying issue preclusion.**

Though Debtor disputes the correctness of the state-court judgment, he offers no real argument that the bankruptcy court abused its discretion in its application of issue preclusion. Moreover, we find no error in the court's application.

The bankruptcy court appropriately determined that the state-court judgment involved fraud, and the state court made specific findings which satisfy fraud under § 523(a)(2). Fraud was actually litigated and necessarily decided because it was raised in the amended petition, and the judgment included express findings of fraud. *See In re Harmon*, 250 F.3d at 1248-49; *Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 919 (9th Cir. 2001) (holding that a default judgment can satisfy the "actually litigated" and "necessarily decided" elements of California issue preclusion law where the defendant "had been personally served with a summons or had actual knowledge of the existence of the litigation" and the state court made an express finding on the issue (cleaned up)).

As noted above, a California judgment is final once appellate rights are exhausted or the time to appeal has expired. It is "on the merits" if "the substance of the claim [was] tried and determined," *Wells Fargo Bank v. Gump (In re Gump)*, 1 Cal. App. 4th 582, 608 (1991) (citation omitted), and there is no dispute the state court litigation involved the same parties.

The bankruptcy court considered public policies underlying issue preclusion and determined that applying issue preclusion in this case would eliminate the possibility of inconsistent decisions, promote judicial economy, and prevent the parties from being subjected to consecutive proceedings raising the same factual allegations. The bankruptcy court did not abuse its discretion in applying issue preclusion.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's summary judgment in favor of Mr. Pirouzkar on his claim for nondischargeability under § 523(a)(2).